**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

### CHAPTER 13 MMM PLAN (Individual Adjustment of Debts)

☐ _____Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ _____Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: Joseph John Borrelli            Joint Debtor: Melinda Ann Borrelli    CASE NO.: 17-19951-PGH
Last Four Digits of SS# 6968            Last Four Digits of SS# 7053

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of 60 months.  In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors' pro-rata under the plan:
  A.   $2,336.83    for months 1 to 6;
  B.   $2,576.94    for months 7 to 60; in order to pay the following creditors:

Administrative:
Attorney's Fee: $ 0.00
MMM Fee: $ 0.00
Total Fee: $ 0.00
Total Paid: $ 0.00
Balance Due: $ 0.00    payable $0.00 / month (Months 1 to 6)

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. Seterus Inc                          Arrearage on Petition Date: $ \_\_\_\_\_
   14523 Sw Millikan Way St.            Arrearage Payments: $ \_\_\_\_\_ / month (Months \_\_ to \_\_)
   Beaverton, OR 97005                  Regular Payments:   $ \_\_\_\_\_ / month (Months \_\_ to \_\_)
                                        MMM Payments: $ 1,724.39*     / month (Months 1 to 60)
   Acct.#  x8116                        *Amount equal to 31% of Debtors' Gross Income.

2. Xceed Financial FCU                  Arrearage on Petition Date: $ \_\_\_\_\_
   888 N Nash Street                    Arrearage Payments: $ \_\_\_\_\_ / month (Months \_\_ to \_\_)
   El Segundo, CA 90245                 Regular Payments:   $ \_\_\_\_\_ / month (Months \_\_ to \_\_)
                                        MMM Payments: $ 400.00**      / month (Months 1 to 60)
   Acct.#  x5429                        **Amount reflects an adequate protection payment commensurate to Debtors' ability to pay.

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description and Value of Collateral | Rate of Interest | Plan Payment | Months of Payments | Total Plan Payments |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

Priority Creditors: [as defined in 11 U.S.C. §507]
  1. _____       Arrearage on Petition Date: $ \_\_\_\_\_
                                         Arrearage Payments: $ \_\_\_\_\_ / month (1 to 60)
                                         Regular Payments:   $ \_\_\_\_\_ / month (Months 1 to 60)
                                         MMM Payments: $ \_\_\_\_\_ / month (Months 1 to 60)
   Acct.#  xxxx

Unsecured Creditors: Pay $ 218.28 /month (Months 7 to 60);
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:

1. The Debtors will file a Verified Motion for Referral to MMM with Seterus Inc. ("Lender"), loan number x8116, for real property located at 12893 Guilford Circle, Wellington, FL 33414.
   The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the

trustee and not upon receipt by the lender. Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly. If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan. If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim. I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

2. The Debtors will file a Verified Motion for Referral to MMM with Xceed Financial FCU ("Lender"), loan number x5429, for real property located at 12893 Guilford Circle, Wellington, FL 33414.

   The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender. Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

   If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable. If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

   In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly. If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan. If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property. Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim. I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

*/s/ Joseph John Borrelli*  
Debtor  
Dated: September 1, 2017

*/s/* Melinda Ann Borrelli  
Joint-Debtor  
Dated: September 1, 2017